### APPEAL OF GEORGIA STATE SAVINGS ASSOCIATION.

Docket No. 5352.    Decided August 5, 1926.

Interest involved herein held to have been paid by the taxpayer on May 1, 1918, and May 1, 1922, and, the taxpayer being on the cash receipts and disbursements basis, such interest is not deductible from gross income for the fiscal years ended April 30, 1918, and April 30, 1922.

*T. J. O'Brien, Jr., C. P. A.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, and GREEN.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the banking laws of the State of Georgia, with its principal office and place of business at Savannah.

The taxpayer receives deposits on savings accounts and on time certificates of deposit, and loans its funds on improved real estate on a monthly repayment plan, the repayments extending over a period of from six years to ten years.

The taxpayer has outstanding at all time a considerable amount of delinquent interest due it on loans, representing income earned but not received.

By the terms of the contracts entered into by the taxpayer and the holders of certificates of deposit, interest on such deposits is payable by the taxpayer at its "Banking House, Savannah, Georgia," semi-annually on the first day of May and the first day of November, in each year.

The taxpayer, shortly before the close of the fiscal years ended April 30, 1918, and April 30, 1922, in accordance with its custom of many years standing, prepared checks for the semi-annual interest on the deposits mentioned, dated April 30, of those years. The checks, which were drawn on the taxpayer and not on any other bank, were mailed to the depositors after the close of business on April 30, 1918, and April 30, 1922, and were not and could not have been presented for payment until on or after the first day of May following the date they were mailed. When the checks were mailed out, the "Interest Account" was debited with the amount of interest due and "Interest Checks Outstanding" was credited with the amount of the checks. On and after May 1st, as the interest checks were presented for payment, "Interest Checks Outstanding" was debited and corresponding amounts credited to cash.

In some instances the taxpayer was instructed by the holders of its certificates of deposit to credit their interest checks to their savings accounts, and in all of such cases the interest checks were drawn as usual on April 30th, and on the next day, May 1st, were credited to the savings accounts of the depositors.

The taxpayer's books of account were, during the years involved herein, kept on a cash receipts and disbursements basis.

The Commissioner, upon audit of the taxpayer's income and profits-tax return for the fiscal years ended April 30, 1918, and April 30, 1922, determined that the taxpayer is not entitled to include in its income for those years interest earned but not actually received, and that the interest on certificates of deposit represented by the checks mailed to depositors on April 30, 1918, and April 30, 1922, respectively, were a proper deduction from gross income for those years.

OPINION.

MARQUETTE: Since the taxpayer's books were kept on the cash receipts and disbursements basis, it is clear that interest due the taxpayer and uncollected at the close of any fiscal year, can not be considered as income for that year, but is income for the year in which collection is actually made. However, with reference to the interest on certificates of deposit, set forth in the findings of fact, we are

of the opinion that payment thereof was not made on April 30, 1918, nor April 30, 1922, when the interest checks were drawn and mailed, but that such interest remained a liability to the taxpayer until the checks were actually presented at its banking house and there paid. The contracts under which the deposits were made provided that the interest thereon should be paid semi-annually on May 1st and November 1st of each year. The interest involved herein was due and payable May 1st, not April 30th. The taxpayer, although it drew the checks on April 30th, did not mail them until after the close of business on that date, so that they could not be presented for payment until on or after May 1st, and it made no entries on its books reducing cash, as it would have done if it had considered that payment was actually made. We consider that this transaction is entirely different from that in which the payor draws its checks on funds in another bank. The interest in question was payable on May 1st at the taxpayer's banking house and, upon the presentation of the interest checks, they were paid and cash credited with the amount thereof.

For the reason stated we hold that the interest in question should not be deducted in computing the taxpayer's net income for the fiscal years ended April 30, 1918, and April 30, 1922.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*